In the Matter of the Petition of HELEN M. MOLONEY, Respondent-Appellant, against FIRE COMMISSIONER OF INWOOD FIRE DISTRICT, NASSAU COUNTY, Appellant-Respondent.— Proceeding under section 205 of the General Municipal Law. Order of the County Court of Nassau County modified on the law and facts by striking therefrom the figure "$666.17", directed to be paid by the Fire Commissioner, etc., to the petitioner, and inserting in place thereof the figure "$28.17." As thus modified, the order is unanimously affirmed, without costs. The total amount due to the petitioner or her decedent was $2,115, against which payments have been made totaling $2,086.83, leaving a balance due of $28.17. The decedent was entitled to the payments for fifty weeks of $25 a week, aggregating $1,250, under subdivision Third of section 205 of the General Municipal Law, for the period from July 31, 1944 (day of accident), to July 17, 1945, and to $615 for the period from July 17, 1945, to the date of his death on April 27, 1946, being $15 a week for a period of forty-one weeks, under the "Provided" paragraph of subdivision Second of section 205. He was also entitled under that same "Provided" paragraph to $25 a month for the two children for a period of ten months, a total of $250, which made a grand total of $2,115. In making these computations the petitioner was entitled to a full week in one instance, and a full month in another, since the moneys, being for prospective support, were due at the beginning and not at the end of the week or month; hence a payment for the entire week or month was due rather than a mere fraction thereof of the last week or month. Acceptance of contrary views in respect of the meaning of the statute, advanced by the petitioner, would involve judicial legislation. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

In the Matter of PLESSDORE REALTY CORP., Appellant. NICHOLAS M. FASANO et al., Respondents.— Upon the petition of the landlord, in a proceeding under the Business Rent Law (L. 1945, ch. 314, as amd.), order determining the emergency rent of store premises occupied by respondent Fasano, insofar as appeal is taken, and order denying appellant's motion to amend the order of reference, unanimously affirmed, without costs. Although a close question of fact was presented, it may not be held that the official referee's finding is against the weight of the credible evidence. Under the procedure adopted by the parties there was no necessity for further findings. They elected to have the reasonable rental value of the premises determined as of June 1, 1944 — not the present day reasonable rent which might have been sought under section 4. A finding in the nature of a general verdict is, therefore, sufficient. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ. [See *post*, p. 868.]